UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CM VANTAGE SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:18 CV 1749 JMB |
| NEPHRITE FUND 1, LLC, ) d/b/a Amber Glen Apartments, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for attorney's fees. Defendant has filed a response in opposition and the issues are fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Defendant Nephrite Fund 1, LLC, submitted a claim for coverage after a fire on March 1, 2018, caused extensive damage to its insured apartment complex. The insurer, plaintiff CM Vantage Specialty Insurance Company, alleged that defendant made material misrepresentations both in its application for insurance and in its claim for coverage and, further, that defendant failed to cooperate in plaintiff's investigation of its claim. Plaintiff brought this declaratory judgment action, pursuant to 28 U.S.C. §§ 2201-2202, seeking declarations that the insurance policy was void ab initio and that defendant was barred from recovery under the policy. Defendant brought counterclaims for breach of contract, vexatious refusal to pay, and for declarations that the policy was not void and that plaintiff was obligated to provide coverage for its claim.

On February 18, 2020, the Court granted plaintiff's motion for summary judgment, holding that the policy was void ab initio because defendant misrepresented the percentage of subsidized units in its insurance application; that the policy was void ab initio because defendant made material misrepresentations in its claim for coverage by seeking coverage for repairs and lost rent on a rental unit it knew was uninhabitable at the time of the fire; and that defendant breached a policy provision requiring it to cooperate with plaintiff's investigation of the claim. Memorandum and Order [Doc. # 57].

Plaintiff now seeks attorneys' fees in the amount of $195,789, representing 1,151.7 hours at the hourly rate of $170.00. Defendant contends that plaintiff is not entitled to attorneys' fees under the American Rule and, further, that plaintiff's request for fees is excessive and unsubstantiated.

**Discussion**

In this diversity action, the Court applies Missouri law governing attorney's fees. See Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp., 729 F.3d 846, 852 (8th Cir. 2013), as corrected (Sept. 9, 2013) ("State law governing attorneys' fees is generally substantive.") (citations and internal quotations omitted). "Missouri has adopted the American Rule; that is, absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fee." Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC, 585 S.W.3d 269, 285 (Mo. 2019) (quoting Incline Village Bd. of Trustees v. Edler, 592 S.W.3d 334, 341 (Mo. 2019)). Missouri law allows a court to award attorney fees to a prevailing party in a declaratory judgment action, but only if the party can show that the circumstances meet one of the "few exceptions" to the American Rule regarding fees. Am. Home Assur. Co. v. Pope, 487 F.3d 590, 606 (8th Cir. 2007) (citing David Ranken, Jr. Tech. Inst. v. Boykins, 816 S.W.2d 189, 193

2

(Mo. 1991) (en banc), *overruled in part on other grounds by* Alumax Foils, Inc. v. City of St. Louis, 939 S.W.2d 907 (Mo. 1997) (en banc)).  Missouri courts limit the exceptions to the American Rule "to those cases involving 'very unusual circumstances,'" also referred to as "special circumstances." Ranken, 816 S.W.2d at 193.  The "special circumstances" exception is "narrowly construed and strictly applied." K.C. Air Cargo Servs., Inc. v. City of Kansas City, 523 S.W.3d 1, 12 (Mo. Ct. App. 2017) (citing Smith v. City of St. Louis, 395 S.W.3d 20, 26 (Mo. 2013)). "Missouri courts have construed unusual circumstances to mean an unusual type of case or unusually complicated litigation." Wyper v. Camden Cnty., 160 S.W.3d 850, 854 (Mo. Ct. App. 2005) (citation omitted).

"Special circumstances and very unusual circumstances are rare, and courts have confined these exceptions to limited fact situations." Klinkerfuss v. Cronin, 289 S.W.3d 607, 618 (Mo. Ct. App. 2009).  Thus, in Klinkerfuss, attorney's fees were warranted where a trust beneficiary had "engaged in intentional misconduct" by pursuing relentless, groundless, and vexatious litigation against the trustee and at the expense of an innocent beneficiary. In Goellner v. Goellner Printing, 226 S.W.3d 176, 179 (Mo. Ct. App. 2007), the court found "special circumstances" where the defendant ceased paying a 92–year–old widow's health insurance premiums "out of spite" and forced her to bring a declaratory judgment action.  In Volk Const. Co. v. Wilmescherr Drusch Roofing Co., 58 S.W.3d 897, 901 (Mo. Ct. App. 2001), the appellate court upheld an award of attorneys' fees under the special circumstances exception where, in the course of litigation, the appellants transferred assets from a corporation with actual intent to defraud the corporation's creditors.  Special circumstances were also found in a zoning dispute, when the city actively scared off the plaintiffs' tenants and potential purchasers of their property by giving them inaccurate zoning information. Law v. City of Maryville, 933 S.W.2d 873, 878 (Mo. Ct. App. 1996).

As plaintiff notes, in declaratory judgment actions, "intentional misconduct is a 'special circumstance' that may justify an award of attorney's fees." Incline Village Bd., 592 S.W.3d at 341, (quoting Tupper v. City of St. Louis, 468 S.W.3d 360, 374 (Mo. banc 2015)).  However, "the existence of 'special circumstances' is a threshold issue that makes an award of attorney fees and expenses *permissible,* but by no means does a finding of fraud make an award mandatory." Wells v. Farmers All. Mut. Ins. Co., No. 207CV0036 ERW, 2009 WL 3172350, at *1 (E.D. Mo. Sept. 29, 2009) (emphasis in original) (citing Goralnik v. United Fire & Cas. Co., 240 S.W.3d 203, 210 (Mo. Ct. App. 2007)).  Thus, attorneys fees have been denied "in cases of an improper tax assessment, when a defendant tendered a check on insufficient funds with an intent to defraud, when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust, and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house." Ranken, 816 S.W.2d at 193 (citations omitted).

In considering requests for attorney's fees in declaratory judgment cases involving insurance claims, the courts in this district have reached different conclusions.  See Neidenbach v. Amica Mut. Ins. Co., 161 F. Supp. 3d 731, 739–40 (E.D. Mo. 2016) ("[T]here is a split within this district on the issue of fees."). "Some judges have awarded fees, finding misrepresentations to an insurance company that voids a policy is a 'special circumstance' warranting an award of fees under Missouri law." Id. (citing Wiles v. Capitol Indem. Corp., 204 F. Supp. 2d 1207, 1209 (E.D. Mo. 2002); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000); Employers Mut. Cas. Co. v. Tavernaro, 21 F. Supp. 2d 1039, 1040 (E.D. Mo. 1998)).  Still other cases recognize "that a finding of intentional misrepresentation to an insurance company may justify an award of fees in a declaratory judgment action, but that the circumstances of their cases did not warrant an award of fees." Id. (citing Beckon, Inc. v. AMCO Ins. Co., 2010 WL 985214, *4 (E.D. Mo. Mar.

4

15, 2010); Cedar Hill Hardware & Constr. Supp., Inc. v. Insurance Corp. of Hannover, 2006 WL 2862145, at *5 (E.D. Mo. Oct. 4, 2006); Travelers Indem. Co. of Am. v. Willig, 2000 WL 288396, at * 2 (E.D. Mo. Mar. 10, 2000)).

At least two cases have held that Missouri's "special circumstances" standard did not permit an award of fees where an insured concealed material facts and made misrepresentations and false statements to the insurance company.  See Neidenbach, 161 F. Supp. 3d at 740; Wells, 2009 WL 2836502, at *12.  In Wells, the court examined Wiles, Estes, and Tavernaro, and determined that they did not apply Missouri's "stricter standard" for special circumstances. Applying this stricter standard, the Wells court found that special circumstances were not present, even where the jury found that the insured intentionally concealed or misrepresented material facts; engaged in fraudulent conduct; made false statements relating to her insurance claim; and failed to prepare an inventory, appear for an examination under oath, or provide documents.  The court in Neidenbach adopted the reasoning in Wells and declined the insurer's request for fees even though insureds "overreached and made significant misrepresentations in their claims for personal property."  Furthermore, "even if the Court had the authority to award fees and expenses under its equity power, it would decline to do so."  The Court noted that the insureds' conduct voided the insurance policy, "which resulted in the Neidenbachs losing coverage on not only their personal property, but also on their real property, which was worth over three hundred thousand dollars— money Amica did not have to pay out."  Neidenbach, 161 F. Supp. 3d at 740.  Similarly, in this case, the Court found that defendant made intentional misrepresentations in its insurance application and its claim for coverage, with the result that its policy was void.  Plaintiff thus does not have to pay defendant's claim for the fire damage, which the parties estimated between $450,000 and slightly more than $1 million.

5

As Wells and Neidenbach demonstrate, this case is not "an unusual type of case;" nor did it result in "unusually complicated litigation." See Wyper, 160 S.W.3d at 854. Plaintiff has failed to establish that "special circumstances" exist sufficient to overcome Missouri's application of the American Rule.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees [Doc. # 60] is **denied**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2020.